# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH M. KANSKY,<br>   Plaintiff,<br><br>v.<br><br>COCA-COLA BOTTLING COMPANY OF NEW ENGLAND,<br>COCA-COLA ENTERPRISES, INC.,<br>COCA-COLA ENTERPRISES LONG TERM DISABILITY PLAN<br>A/K/A CORE LTD BENEFITS,<br>AND<br>AETNA LIFE INSURANCE COMPANY,<br>   Defendants. | CIVIL ACTION NO.<br><br>05-10908 DPW |

## MEMORANDUM IN SUPPORT OF
## THE MOTION OF ALL DEFENDANTS TO STRIKE JURY DEMAND

### I.   INTRODUCTION

The defendants in this action requests that this Court strike the jury demand contained in the plaintiff's complaint in this action. The plaintiff, in his complaint, alleges three counts. Counts one through three all seek recovery under the Employee Retirement Income Security Act of 1974 ("ERISA"). Count IV, meanwhile, is a claim for violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). All four counts are pled against all of the defendants.

In addition to pleading these four counts against the defendants, the plaintiff further demands a trial by jury "to the fullest ext[tent] permitted by law." See Complaint at page 13. The first three counts in the plaintiff's complaint, however, do not allow for a jury as they are ERISA claims. As to the fourth count, HIPAA does not provide a right of private action and therefore, cannot give rise

to a right to a jury. Accordingly, because there are no issues presented by any of the counts that are subject to determination by a jury, this Court should strike the plaintiff's demand for a jury.

## II.     Argument

### A.     The Plaintiff is Not Entitled to a Jury Trial on his Claims Under ERISA

As noted above, the plaintiff has asserted three counts seeking recovery under ERISA. These counts simply seek denied long term disability benefits that were allegedly owed to the plaintiff under an employee welfare benefit plan, see Complaint at Count I, sanctions for the failure of the plan administrator to produce documents, see Complaint at Count II, and an award of attorney's fees pursuant to ERISA, see Complaint at Count III. It is well established in this circuit that a trial by jury is unavailable on such claims brought under ERISA. See, e.g., Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19 (1st Cir. 2003)("Liston did not seek a jury trial-- and the precedents of this and other circuits suggest that it would likely have been unavailable"); Dudley Supermarket, Inc. v. Transamerica Life Ins. and Annuity Co., 188 F.Supp.2d 23 (D.Mass. 2002) aff'd 302 F.3d 1 (1st Cir. 2002) ("The clear weight of authority holds that no right to a jury trial attaches to ERISA act."); Turner v. Fallon Community Health Plan, Inc., 953 F.Supp. 419(D.Mass. 1997) aff'd 127 F.3d 196 (1st Cir.1997) (jury trial was not available in ERISA action to recover health insurance benefits); Gentile v. John Hancock Mut. Life Ins. Co., 951 F.Supp. 284 (D.Ma. 1997). Furthermore, other federal circuit courts have addressed the issue, and have concluded that "a party is not entitled to a jury trial in an ERISA action." Gentile at 290-91 (collecting cases); see also Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996 (9th Cir. 2000); Borst v. Chevron Corp., 36 F.3d 1308, 1324 (5th

Cir. 1994). Accordingly, as a matter of law, the plaintiff is not entitled to a jury trial on Counts I, II and III of his complaint.

### B.  The Only Remaining Count, Brought under HIPAA, Cannot Give Rise to a Right to a Jury Because HIPAA Does not Provide a Right of Private Action

The only other count contained in the plaintiff's complaint is Count IV, for violation of HIPAA. Plaintiff appears to claim that defendants violated HIPAA by obtaining information about plaintiff that he had not authorized. As discussed in substantially more detail in the defendants' memorandum in support of their motion to dismiss Count IV of the plaintiff's complaint, which is being filed simultaneously with this motion to strike, HIPAA does not provide a private right of action. See, e.g. Colorado Hospital v. Denver Publishing Co., 340 F.Supp.2d 1142 (D. Colo. 2004) (HIPAA provision prohibiting disclosure of certain health information did not create private cause of action). The defendants refer the Court to their motion to dismiss the plaintiff's HIPAA claim and supporting memorandum for further details and additional supporting authority establishing that HIPAA does not provide for a private cause of action.

As HIPAA does not provide a private cause of action, there can be no right to a jury trial. Thus, this Court should find that the HIPAA claim made in Count IV of the complaint does not provide any ground on which to base a claim for a jury trial in this suit.

## III.   CONCLUSION

For the reasons detailed above, the plaintiff cannot properly claim a jury trial in this lawsuit. This Court should therefore strike the demand for a jury contained in the plaintiff's complaint.

Respectfully submitted,

Date: June 16, 2005

Stephen D. Rosenberg     [BBO # 558415]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA   02110
Ph:     617•951•2929
Fax:    617•951•2672

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Memorandum in Support of Defendants' Motion to Strike Jury Demand** has been served upon all counsel of record by depositing a copy hereof in the U.S. Mail, postage prepaid, addressed to:

> Bernard Kansky, Esq. *[Attorney for Plaintiff]*
> **Kansky & Associates**
> 468 Commercial Street - #100
> Boston, MA    02109-1020

DATED this 17th day of June, 2005.

>  _____
> Stephen D. Rosenberg    [BBO# 558415]
> **McCormack & Epstein**
> One International Place - 7th Floor
> Boston, MA    02110
> Ph:    617•951•2929
> Fax:    617•951•2672

#74451v1<MEBOS> -Kansky v. Aetna - MEMO IN SUPPORT OF MOTION TO STR