**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH M. KANSKY,<br>         Plaintiff,<br><br>v.<br><br>COCA-COLA BOTTLING COMPANY OF NEW ENGLAND,<br>COCA-COLA ENTERPRISES, INC.,<br>COCA-COLA ENTERPRISES LONG TERM DISABILITY PLAN<br>A/K/A CORE LTD BENEFITS,<br>AND<br>AETNA LIFE INSURANCE COMPANY,<br>         Defendants. | CIVIL ACTION NO.<br><br>05-10908 DPW |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COUNT IV
OF PLAINTIFF'S COMPLAINT**

---

I.   **INTRODUCTION**

In his complaint in this action, the plaintiff, Kenneth Kansky, includes a claim seeking to recover from all of the defendants for alleged violations of the Health Insurance Portability and Accountability Act of 1996 (commonly known as "HIPAA"). For the reasons detailed below, the plaintiff cannot recover from any of the defendants on this claim and it should be dismissed. His allegations of HIPAA violations do not state a claim upon which relief can be granted by this Court and, additionally, this Court lacks subject matter jurisdiction over this claim. His claim for violations of HIPAA by the defendants should therefore be dismissed from this action.

## II. ARGUMENT

The plaintiff, Kenneth Kansky, includes in Count IV of his complaint a claim for violation of HIPAA. The plaintiff asserts this claim against all of the defendants in this action, without distinguishing among them or addressing what particular acts of which particular defendants allegedly violated the requirements of that statute.

The plaintiff's claim of HIPAA violations asserts that the "defendants," without clarification as to which particular defendants allegedly engaged in what particular allegedly actionable conduct, gathered information from the plaintiff's medical providers beyond that which he had granted them authorization to obtain. More particularly, the plaintiff alleges that he provided the defendants with an authorization to obtain medical records; that the authorization limited the defendants to obtaining written records and written information only; and that the defendants instead also obtained medical information verbally from the plaintiff's medical providers. Plaintiff Kenneth M. Kansky's Complaint at ¶¶67 - 70. The plaintiff does not, however, explain in what manner the defendants allegedly violated HIPAA, or what aspects of that statutory regime support a claim for recovery by the plaintiff.

It will come as no surprise to the Court that HIPAA and its implementing regulations are complex, and do not impose obligations and restrictions on any and all entities that come into contact with medical records and related information. The plaintiff's complaint fails to allege that any or all of the defendants were entities of the type, or were engaged in activities of the kind, covered by the particularized restrictions on the collecting and disclosure of medical information that are imposed by HIPAA.[1]

---

[1] The defendants note, for instance, that Count IV of the complaint charges them with collecting information from the plaintiff's medical providers. HIPAA, however, is directed primarily at controlling the disclosure of medical information. It was the plaintiff's medical providers, who have not been sued in this action, and not the defendants, who disclosed the

But more important, the plaintiff's claim for HIPAA violations can and should be dismissed for the simple, and independent, reason that the statute does not provide for or give rise to a private right of action for the conduct of the defendants that is described in the complaint. Since 1996, the Department of Health and Human Services has published and finalized several sets of regulations implementing the requirements imposed by HIPAA, including the 'privacy rules'. 45 CFR §160.101 et seq. Specifically, the HIPAA privacy rules establish standards for the protection of personal medical information. However, the HIPAA statute and the HIPAA privacy rules do not create a private cause of action for individuals who claim to be injured by a violation of the privacy rules through an allegedly wrongful disclosure. See 45 C.F.R. §§160.306, 160.312. Instead, enforcement of the HIPAA privacy regulations is through the Department of Health and Human Services. See e.g., Johnson v. Quarder, — F.Supp.2d—, 2005 WL 670754 (D.D.C. 2005). ***Neither the regulations nor the statute itself create a private cause of action for violations of the privacy requirements imposed pursuant to HIPAA.***

HIPAA allows for penalties to be imposed by the government for violations of the limitation on disclosure of medical information that is established by the statute and its accompanying regulations. HIPAA has been interpreted, however, as only allowing for enforcement by the government and as not granting an alternative or additional private cause of action for such disclosures.

This was recently established with regard to unwarranted disclosures of medical information by the United States District Court for the District of Colorado in University of Colorado Hospital

---

plaintiff's medical information; with regard to the defendants, the plaintiff asserts only that they collected more information than he claims they were entitled to obtain.

v. Denver Publishing Company, 340 F.Supp.2d 1142 (D.Colo. 2004). In University of Colorado Hospital, the court confirmed that there is no private cause of action under HIPAA for allegedly unlawful disclosure of medical information. The defendant was charged with violating HIPAA, specifically 42 U.S.C. section 1320d-6, which provides that:

(a) **Offense**

A person who knowingly and in violation of this part -
- (1) uses or causes to be used a unique health identifier;
- (2) obtains individually identifiable health information relating to an individual; or
- (3) discloses individually identifiable health information to another person,

shall be punished as provided in subsection (b) of this section.

(b) **Penalties**

A person described in subsection (a) of this section shall -
- (1) be fined not more than $50,000, imprisoned not more than 1 year, or both;
- (2) if the offense is committed under false pretenses, be fined not more than $100,000, imprisoned not more than 5 years, or both; and
- (3) if the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm, be fined not more than $250,000, imprisoned not more than 10 years, or both.

The defendant argued that, even if it was guilty of such a violation, the plaintiff's claim must be dismissed because no private right of action exists under HIPAA. University of Colorado Hospital at 1143. The plaintiff responded that, in fact, "it has an implied right to redress under HIPAA." Id.

The United States District Court for the District of Colorado, applying a standard for determining whether a federal statute creates a private right of action that derives from United States Supreme Court precedent and is essentially identical to that applied in this circuit, compare e.g., In

re: Pharmaceutical Industry Average Wholesale Price Litigation, 339 F.Supp.2d 165, 176-77 (D. Mass. 2004); Byrne v. Massachusetts Bay Transportation Authority, 196 F.Supp.2d 77, 86-87 (D. Mass. 2002); Cablevision of Boston, Inc., v. Public Improvement Commission of the City of Boston, 38 F.Supp.2d 46, 56-57 (D. Mass. 1999), found "no evidence that Congress intended to create the right of action asserted by the [plaintiff], and...conclude[d] that such a right does not exist." University of Colorado Hospital at 1145.

The University of Colorado Hospital court found that its conclusion was:

> buttressed by the fact that federal courts have consistently refused to find a private right of action under HIPAA, albeit when analyzing different provisions of the statute. *See Wright v. Combined Ins. Co. of Am.*, 959 F.Supp. 356, 363 (N.D.Miss.1997) ("[i]n HIPAA, the undersigned cannot find any 'manifest congressional intent' to create a new federal cause of action"); *Means v. Ind. Life & Accident Ins. Co.*, 963 F.Supp. 1131, 1135 (M.D.Ala.1997) ("the court finds no evidence of congressional intent to create a private right of action under the HIPAA"); *Brock v. Provident Am. Ins. Co.*, 144 F.Supp.2d 652, 657 (N.D.Tex.2001); *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F.Supp.2d 1176, 1180 (D.Wyo.2001). Furthermore, legal commentators appear to unanimously assume that there is no private right of action under HIPAA, including to enforce the "privacy rule" of § 1320d-6. *See, e.g.,* A Craig Eddy, *A Critical Analysis of Health and Humans Services' Proposed Health Privacy Regulations in Light of the Health Insurance Privacy and Accountability Act of 1996*, 9 Annals Health L. 1, 32 (2000); Françoise Gilbert, *Emerging Issues in Global Aids Policy; Preserving Privacy*, 25 Whittier L.Rev. 273, 289 (2003); Joy L. Pritts, *Altered States: State Health Privacy Laws and the Impact of the Federal Health Privacy Rule*, 2 Yale J. Health Pol'y L. & Ethics, 325, 343 (2002); Frederick Y. Yu, *Medical Information Privacy under HIPAA: A Practical Guide*, Colorado Lawyer, May 2003, at 22.

University of Colorado Hospital at 1145.

The plaintiff has failed to provide any guidance in his complaint as to the provisions of HIPAA or its implementing regulations that he is proceeding under, but appears to be proceeding under the privacy regulations and the related enforcement statute that was at issue in University of Colorado Hospital. As the decision in that case makes clear, the plaintiff has no private right of action under those regulations and that statutory provision. His claim fails as a result and should be dismissed.

It should not alter the outcome of the defendants' motion to dismiss, however, if the plaintiff, in response to this motion, asserts that he is instead proceeding on the basis of some other aspect of HIPAA and its accompanying regulations. As the survey of case law and secondary sources recently provided by the University of Colorado Hospital court demonstrates, a clear consensus is forming that HIPAA does not provide a private right of action, regardless of the statutory or regulatory provisions actually involved in the particular case at bar,[2] and thus the plaintiff's HIPAA claim in the present matter should be dismissed on this ground even if, contrary to the reasonable assumptions drawn from Count IV in the complaint, he is instead progressing under statutory and regulatory provisions other than those considered by the court in University of Colorado Hospital.

Indeed, it should be noted that the court in University of Colorado Hospital emphasized that a private right of action could not be found where there was no basis for finding a statutory intent on the part of Congress to create one. Id. at 1143-44. Case law in this circuit emphasizes the same point, that the court cannot recognize such a right where the terms of the statute, the legislative history and the other structural elements that the court must consider in making its analysis do not establish that Congress intended to create such a right. E.g., In re: Pharmaceutical Industry Average Wholesale Price Litigation, 339 F.Supp.2d at 176-77; Byrne, 196 F.Supp. 2d at 86-87 ("the plaintiffs must show that the Congress intended to create a private right of action for that purpose . . . the inquiry must primarily focus on congressional intent"). Accordingly, the plaintiff's claim for

---

[1] Additional courts beyond those cited by the United States District Court for the District of Colorado in its ruling in University of Colorado Hospital have also held that HIPAA does not provide a private right of action, and at least one court that has been presented with the question since the time that the United States District Court for the District of Colorado ruled on the issue has reached the same conclusion. Johnson v. Quander, – F.Supp.2d –, 2005 WL 670759 (D.D.C 2005)("[w]hile only a handful of courts have examined whether a private right of action is implied under the HIPAA, each Court has rejected the position... because no private right of action exists under the HIPAA, this Court does not have subject matter jurisdiction over this claim and it must be dismissed").

HIPAA violations should be dismissed regardless of the particular statutory or regulatory provision he eventually cites in support of such a claim, if he cannot prove a statutory intent on the part of Congress to create a private right of action based upon such provisions.

Should the plaintiff present an argument that he is, in fact, proceeding under other, specifically identified sections of HIPAA and its implementing regulations, the defendants may request leave to file a reply brief further addressing whether any such statutory or regulatory provisions can be interpreted as giving rise to an implied private right of action.

Accordingly, Count IV in the plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, as HIPAA does not provide for a private right of action, this Court does not have subject matter jurisdiction over the plaintiff's claim for violation of HIPAA by the defendants, and Count IV can therefore also be dismissed on the alternative ground that the Court lacks subject matter jurisdiction over the claim, in accordance with Federal Rule of Civil Procedure 12(b)(1). See Johnson, 2005 WL 670759.

### III. CONCLUSION

For the reasons discussed above, Count IV of the plaintiff's complaint should be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

Respectfully submitted,
The Defendants, by their attorneys,

**Date:** June 16, 2005

Stephen D. Rosenberg    [BBO # 558415]
McCormack & Epstein
One International Place - 7th Floor
Boston, MA   02110
Ph:    617•951•2929
Fax:   617•951•2672

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Memorandum in Support of the Defendants' Motion to Dismiss** has been served upon all counsel of record by depositing a copy hereof in the U.S. Mail, postage prepaid, addressed to:

> Bernard Kansky, Esq. *[Attorney for Plaintiff]*
> **Kansky & Associates**
> 468 Commercial Street - #100
> Boston, MA    02109-1020

**DATED** this 17th day of June, 2005.

_____
Stephen D. Rosenberg    [BBO# 558415]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA    02110
Ph:    617•951•2929
Fax:    617•951•2672

74475.1