# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KENNETH M. KANSKY,
        Plaintiff,

v.

COCA-COLA BOTTLING COMPANY OF NEW ENGLAND,
COCA-COLA ENTERPRISES, INC.,
COCA-COLA ENTERPRISES LONG TERM DISABILITY PLAN
A/K/A CORE LTD BENEFITS,
AND
AETNA LIFE INSURANCE COMPANY,
        Defendants.

CIVIL ACTION NO.

05-10908 DPW

## ANSWER OF ALL DEFENDANTS
## TO PLAINTIFF'S COMPLAINT

1.    To the extent that the allegations contained in paragraph 1 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that any of the allegations in this paragraph may be construed as requiring an answer from the Defendants, Defendants admit that this is an action for benefits under an ERISA welfare benefit plan. All remaining allegations in this paragraph are denied.

2.    To the extent that the allegations contained in paragraph 2 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that any of the allegations in this paragraph may be construed as requiring an answer from the Defendants, Defendants admit that this is an action for benefits under Section 502(a)(1) of ERISA that Plaintiff alleges are due to him. All remaining allegations in this paragraph are denied.

3.    To the extent that the allegations contained in paragraph 3 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that any of the allegations in this paragraph may be construed as requiring an answer from the Defendants, Defendants admit that venue is proper in this court. All remaining allegations in this paragraph are denied.

4. The Defendants admit only that Kenneth Kansky is the Plaintiff, and was at one time an employee of Coca-Cola Enterprises, Inc., and further state that they are without sufficient information to enable them to either admit or deny the allegations as to the plaintiff's place of residence. The Defendants deny all other allegations contained in this paragraph.

5. The Defendants deny the allegations contained in this paragraph.

6. The Defendants admit the allegations contained in the first two sentences of this paragraph, with the exception of the allegation that the Plaintiff's employer was the Coca-Cola Bottling Company of New England, Inc., which the Defendants deny. Further answering, the Defendants deny the allegations contained in the third sentence of this paragraph.

7. The Defendants admit only that the Coca-Cola Enterprises Long Term Disability Plan is a defendant in this matter. With regard to all other allegations in this paragraph, the Defendants state that they are either conclusions of law to which no answer is required, or, to the extent they are not such conclusions of law, they are denied.

8. The Defendants admit only that Aetna Life Insurance Company provides certain insurance for the long term disability benefits provided by the Coca-Cola Enterprises Long Term Disability Plan and provides certain limited services with regard to the operation of the Coca-Cola Enterprises Long Term Disability Plan, and that one of the business addresses from which it operated during the time of the events at issue in this litigation was the Maine Disability Service Center, P.O. Box 14554, Lexington, KY 40512-4554. With regard to all other allegations contained in this paragraph, the Defendants state that they are either conclusions of law to which no answer is required, or, if they require an answer, they are denied.

9. The Defendants deny that the Plaintiff was employed by the Coca-Cola Bottling Company of New England, Inc. effective April 21, 2003. The Defendants are without sufficient information to enable them to either admit or deny the remaining allegations contained in this paragraph.

10. The Defendants deny the allegations contained in this paragraph.

11. The defendants admit only that the plaintiff received short term disability benefits and that his short term disability benefits ended January 10, 2004. The defendants deny the remaining allegations contained in this paragraph.

12. The Defendants deny the allegations contained in this paragraph.

13. The Defendants deny the allegations contained in this paragraph.

14. The Defendants deny the allegations contained in this paragraph.

15. The Defendants are without sufficient information to enable them to either admit or deny the allegations contained in this paragraph.

16. The Defendants admit only that the Plaintiff's claim for long term disability benefits was denied in an April 26, 2004 letter, that the Plaintiff pursued his rights to further review of that decision, and that a November 9, 2004 letter addressed to the Plaintiff's counsel stated that the denial of the Plaintiff's claim for long term disability benefits was being upheld. The Defendants deny the remaining allegations contained in this paragraph.

17. The Defendants deny the allegations contained in this paragraph.

18. The Defendants deny that the allegations in this paragraph are a completely accurate recitation of the applicable terms under the Coca-Cola Enterprises Long Term Disability Plan and further state that the Coca-Cola Enterprises Long Term Disability Plan's terms speak for themselves in this regard.

19. The Defendants deny the allegations contained in this paragraph.

20. The Defendants deny the allegations contained in this paragraph.

21. The Defendants deny the allegations contained in this paragraph.

22. The Defendants deny the allegations contained in this paragraph.

23. The Defendants deny that the allegations contained in this paragraph are a completely accurate statement of the applicable and relevant terms in the Coca-Cola Enterprises Long Term Disability Plan and further state that the relevant provisions within the Coca-Cola Enterprises Long Term Disability Plan speak for themselves.

24. The Defendants deny the allegations contained in this paragraph.

25. The Defendants deny that the allegations contained in this paragraph are a completely accurate statement of the applicable and relevant terms in the Coca-Cola Enterprises Long Term Disability Plan and further state that the relevant provisions within the Coca-Cola Enterprises Long Term Disability Plan speak for themselves.

26. The Defendants deny the allegations contained in this paragraph.

27. The Defendants are without sufficient information to enable them to either admit or deny the allegations contained in this paragraph.

28. The Defendants are without sufficient information to enable them to either admit or deny the allegations contained in this paragraph.

29. The Defendants admit only that the Plaintiff commenced employment in April 2003 and deny the allegation that his employer was Coca-Cola Bottling Company of New England, Inc.. Further answering, the Defendants state that they are without sufficient information to enable them to either admit or deny the remaining allegations contained in this paragraph.

30. The Defendants admit only that the Plaintiff worked at Coca-Cola Bottling Company of New England from the latter part of April 2003 up to on or about July 8, 2003. Further answering, the Defendants deny the remaining allegations contained in this paragraph.

31. The Defendants state that the alleged report speaks for itself. Further answering, the Defendants state that any allegations contained in this paragraph to which an answer by the Defendants is required are denied.

32. The Defendants admit only that, upon information and belief, the Plaintiff has in the past and continues to treat with Dr. Vuckovic and the Defendants deny all remaining allegations contained in this paragraph.

33. The Defendants deny the allegations contained in this paragraph.

34. The Defendants deny the allegations contained in this paragraph.

35. The Defendants admit only that, upon information and belief, the Plaintiff signed a document granting authorization to Aetna Life Insurance Company to obtain certain medical records and, at that time, he, or someone on his behalf, apparently typed the word written into the document. The Defendants deny the remaining allegations contained in this paragraph.

36. The Defendants deny the allegations contained in this paragraph.

37. The Defendants deny the allegations contained in this paragraph.

38. The Defendants deny the allegations contained in this paragraph.

39. The Defendants admit only that counsel for the Plaintiff forwarded copies of the <u>Glista</u> decision to Defendant Aetna Life Insurance Company. The Defendants deny any further allegations contained in this paragraph.

40. The Defendants deny the allegations contained in this paragraph.

41. The defendants admit only that the plaintiff was terminated from employment on July 8, 2004, with corresponding impact on his right to employee benefits. Further responding, the

defendants state that they are without sufficient information to enable them to either admit or deny any other allegations contained in this paragraph.

42. The Defendants admit only that administrative appeal within Defendant Aetna Life Insurance Company of the denial of his claim for long term benefits has been completed and such appeals were exhausted by the Plaintiff. Further answering, the Defendants state that any further allegations contained within this paragraph constitute conclusions of law to which no answer is required and that, to the extent any such allegations may be deemed to require an answer from the Defendants, all such allegations are denied.

43. The Defendants deny the allegations contained in this paragraph.

## COUNT I

### CLAIM FOR LONG-TERM DISABILITY BENEFITS

44. The Defendants incorporate and restate as though fully set forth herein their answers to paragraphs 1-43 above.

45. The Defendants deny the allegations contained in this paragraph.

46. The Defendants deny the allegations contained in this paragraph.

47. The Defendants are without sufficient information to enable them to either admit or deny the allegations contained in this paragraph.

48. The defendants admit only that the plaintiff's monthly salary as of July 18, 2003 was $3,416.67. Further answering, the Defendants deny the remaining allegations contained in this paragraph.

49. The Defendants deny the allegations contained in this paragraph.

## COUNT II

### CLAIM FOR BREACH OF DUTY OF DISCLOSURE

50. The Defendants incorporate and restate as though fully set forth herein their answers to paragraphs 1-49 above.

51. The Defendants admit only that a letter from Plaintiff's counsel dated May 3, 2004 was received by Defendant, Aetna Life Insurance Company, and that such letter requested certain documents. The Defendants deny all remaining allegations contained in this paragraph.

52. The Defendants deny the allegations contained in this paragraph.

53. The Defendants deny the allegations contained in this paragraph.

## COUNT III

### AWARD OF LEGAL FEES AND EXPENSES

54. The Defendants incorporate and restate as through fully set forth herein their answers to paragraphs 1-53 above.

55. The Defendants deny the allegations contained in this paragraph.

56. The Defendants deny the allegations contained in this paragraph.

57. The Defendants deny the allegations contained in this paragraph.

58. The Defendants deny the allegations contained in this paragraph.

59. The Defendants deny the allegations contained in this paragraph.

60. The Defendants state that the allegations contained in this paragraph constitute a conclusion of law to which no answer is required. Further responding, the Defendants state that, to the extent that this paragraph may be construed to require a response from the Defendants, Defendants are without sufficient information at this time to enable them to either admit or deny the allegations contained in this paragraph.

61. The Defendants deny the allegations contained in this paragraph.

62. The Defendants deny the allegations contained in this paragraph.

63. The Defendants deny the allegations contained in this paragraph.

64. The Defendants deny the allegations contained in this paragraph.

65. The Defendants deny the allegations contained in this paragraph.

## COUNT IV

### VIOLATIONS OF HIPAA

66. The Defendants incorporate and restate as though fully set forth herein their responses to paragraphs 1-65 above.

67. The Defendants deny the allegations contained in this paragraph.

68. The Defendants deny the allegations contained in this paragraph.

69. The Defendants deny the allegations contained in this paragraph.

70. The Defendants deny the allegations contained in this paragraph.

### SUMMARY OF RELIEF SOUGHT

The Defendants deny that the Plaintiff is entitled to any of the relief set forth in the Summary of Relief Sought, or in the specific prayers for relief set forth at the end of each Count of his complaint, and request that the Court instead dismiss the Plaintiff's action, with prejudice.

### DEMAND FOR TRIAL BY JURY

The Defendants deny the allegations contained within the Plaintiff's Demand for Trial by Jury paragraph in his complaint and deny that the Plaintiff is entitled to a trial by jury.

### FIRST AFFIRMATIVE DEFENSE

Defendant Coca-Cola Bottling Company of New England is not a legal entity subject to suit, in accordance with the teachings of U.S. v. President and Fellows of Harvard College, 323 F.Supp.2d 151 (D.Mass. 2004), and therefore cannot be sued in this matter. All claims against it must be dismissed as a result, and the plaintiff cannot recover from it.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is not entitled to a jury trial as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is only entitled, if at all, to the specific items of relief granted by the Employee Retirement Income Security Act ("ERISA") and cannot recover any sums or other relief sought by her that are not specifically provided for by ERISA.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to the payments and other relief sought by her under the terms and conditions of any insurance policies, contracts or plans at issue.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for denial of benefits under ERISA because the defendants' actions were not arbitrary and capricious and, therefore, are not subject to further review. In the alternative, plaintiff cannot state a claim for denial of benefits under ERISA because the defendants' actions were reasonable and appropriate as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that any defendant has acted in bad faith such that plaintiff would be entitled to attorney's fees under ERISA and cannot otherwise establish the prerequisites necessary for an award of attorney's fees.

### EIGHTH AFFIRMATIVE DEFENSE

Any causes of action, theories of recovery or items of relief sought by the plaintiff under state law or that are not expressly granted under ERISA are preempted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for equitable relief under ERISA.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that he lacks an adequate remedy at law or otherwise establish the elements necessary to support a claim for equitable relief under ERISA.

### ELEVENTH AFFIRMATIVE DEFENSE

Count II of the complaint seeks recovery from defendants who cannot be liable for the nonproduction of the materials allegedly requested by the plaintiff, and that count therefore fails to state a cause of action to the extent alleged against such defendants.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Count II of the complaint seeks recovery from defendants who are not obligated under ERISA to produce the materials in question, the claim made in Count II is preempted.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff is seeking any relief related to the disclosure or nondisclosure of documents other than that expressly allowed by ERISA, the plaintiff fails to state a claim upon which relief can be granted and such claim, furthermore, is preempted.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of laches and/or by the plaintiff's unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

There is no private right of action for violation of the Health Insurance Portability and Accountability Act of 1996 and Count IV of the plaintiff's complaint fails as a result.

### SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any payment of benefits, any such payment must be reduced and offset by any "other income" as provided by the terms of the plan and policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any payment of benefits because he is unable to perform the material duties of his own occupation, benefits are limited by the terms of the plan and policy. Those terms, when applied to plaintiff's claim in this action, provide that at the end of 24 months of disability, benefits are available only if the plaintiff is not able, solely because of injury or disease, to work at any reasonable occupation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any payment of benefits, such benefits are limited by the terms of the plan and policy which limit to 24 months the benefits payable for a disability that is determined to be caused to any extent by a mental condition (including conditions relating to alcoholism or drug abuse).

### NINETEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the plaintiff's claim for violation of the Health Insurance Portability and Accountability Act of 1996.

Respectfully submitted,
The Defendants, by their attorneys,

**Date:** June 16, 2005

_____
Stephen D. Rosenberg          [BBO # 558415]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA   02110
Ph:   617•951•2929
Fax:  617•951•2672

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Answer of All Defendants to Plaintiff's Complaint** has been served upon all counsel of record by depositing a copy hereof in the U.S. Mail, postage prepaid, addressed to:

>   Bernard Kansky, Esq. *[Attorney for Plaintiff]*
>   **Kansky & Associates**
>   468 Commercial Street - #100
>   Boston, MA   02109-1020

DATED this 17th day of June, 2005.

>   Stephen D. Rosenberg   [BBO# 558415]
>   **McCormack & Epstein**
>   One International Place - 7th Floor
>   Boston, MA   02110
>   Ph:    617•951•2929
>   Fax:   617•951•2672

#74429v1<MEBOS> -Kansky v. Aetna - ANSWER