UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH M. KANSKY,<br>        Plaintiff<br><br>V.<br><br>COCA-COLA BOTTLING COMPANY OF NEW ENGLAND, INC.,<br>COCA-COLA ENTERPRISES, INC.,<br>COCA-COLA ENTERPRISES LONG TERM DISABILITY PLAN<br>A/K/A CORE LTD BENEFITS<br>AND<br>AETNA LIFE INSURANCE COMPANY,<br>        Defendants | **CIVIL ACTION NO:**<br>**05-10908 DPW** |

**RESPONSE AND OPPOSITION OF THE PLAINTIFF, KENNETH M. KANSKY, TO DEFENDANTS' MOTION TO DISMISS COUNT IV OF HIS COMPLAINT AND TO STRIKE THE PLAINTIFF'S CLAIM FOR TRIAL BY JURY**

**I. CLAIM FOR TRIAL BY JURY**

Now comes the Plaintiff in the above matter and in Response and Opposition to the Defendants' Motion to Dismiss Count IV of the Plaintiff's Complaint and to Strike the Plaintiff's Claim For Trial By Jury, says as follows:

As to a claim for trial by jury on ERISA issues, despite the decision of Vaughn v. Owen Steel, 871 F. Supp. 247, (S.C. 1994) , the present trend for determination of payment of long-term disability benefits , or the denial thereof , appears to be based upon bench hearings and review using various standards from "arbitrary and capricious," to "de novo," as opposed to trial by jury.

However, as to limited issues such as the contractual right to convert a life insurance policy from a group policy plan to an individually owned policy, the Plaintiff does hereby reserve the right to trial by jury on such limited issue(s), (See Vaughn, *supra*) and to that limited extent, the Defendants' Motion To Strike the Plaintiff's Claim For Trial By Jury, should be denied as a matter of law.

-2-

## II. PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT IV RELIEF FOR HIPAA VIOLATIONS

The Plaintiff, by his attorney, says that it is generally understood and agreed that there may be no private right of relief for HIPAA violations perpetrated by the Defendants herein, including their servants, agents and attorneys. For that reason, the Plaintiff is in the process of filing his complaint for HIPAA relief with the Department of Health and Human Services and is considering the filing of same also with the United States Department of Justice.

Notwithstanding the foregoing, the Plaintiff believes and therefore avers that the dismissal of Count IV by this court, in this case, is likely to unjustly interfere with the overall bench review of the Defendants' denial of the Plaintiff's long-term disability benefits, with particular reference but not limited to the Defendants' exceeding the written authorization provided by the Plaintiff to the said Defendants and their servants agents and/or attorneys by their having conferred verbally (as opposed to by written communication only) with various physicians, as well as with one physician in particular, i.e. to wit, Dr. Lois Choi-Kane, who at all times relevant hereto, appeared to be practicing medicine in the Commonwealth of Massachusetts without being licensed by the Commonwealth of Massachusetts.

Further, the Defendants by their Motion To Dismiss Count IV of the Plaintiff's Complaint are seeking to have that Count *dismissed with prejudice.*

If for any reason, this court feels compelled to dismiss Count IV of the Plaintiff's Complaint, the Plaintiff requests that it not be *dismissed with prejudice* as to the Department of Health and Human Services nor as to the Department of Justice in that a *dismissal with prejudice* could be broadly construed and applied to the Department of Health and Human Services and/or the Justice Department which would unfairly prejudice the Plaintiff's rights to pursue HIPAA remedies and relief through either or both of said agencies.

## III. CONCLUSION

For any one or more of the foregoing reasons, the Plaintiff requests this court to not strike the Plaintiff's Claim for Trial By Jury but instead to limit and reserve same to the Plaintiff for strictly contractual issues such as and including but not limited to Plaintiff's ability to convert a group health and/or life policy coverage to private coverage. Further, the Plaintiff opposes Count IV of the Plaintiff's Complaint being dismissed with prejudice, to avoid hindering or interfering with the Plaintiff's ability to establish the Defendants' wrongfully obtaining and using certain excerpted and edited partial medical information to wrongfully deny the Plaintiff's long-term disability benefits and to avoid any interference with his right to seek relief from any United States' agency including but not limited to the Department of Justice and/or the Department of Health and Human Services.

***Waiver of filing by electronic means is requested and required until further notice.***

-3-

Dated: July 6, 2005                     The Plaintiff By His Attorney:

                                        _____
                                        BERNARD A. KANSKY, ESQ.
                                        MA BBO #258040/FED #28209
                                        KANSKY & ASSOCIATES
                                        468 COMMERCIAL ST #100
                                        BOSTON, MA 02109-1020
                                        (617) 227-2020/FAX (617)227-5717
                                        E-MAIL: Berakan@aol.com


### CERTIFICATE OF SERVICE

I, the undersigned counsel for the Plaintiff, do hereby certify that I caused a copy of the within Response and Opposition to be forwarded by United States postage prepaid first-class mail to opposing counsel of record for the Defendants i.e. to wit: **Stephen D. Rosenberg, Esq.**, McCormack & Epstein, Attorneys At Law, One International Place, 7th Floor, Boston, MA 02110-(617) 951-2929/ Fax (617) 951-2672 on the month, day and year set forth below.

July 6, 2005                            _____
                                        BERNARD A. KANSKY, ESQ.
                                        COUNSEL FOR PLAINTIFF