## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH M. KANSKY,<br>          Plaintiff,<br><br>v.<br><br>COCA-COLA BOTTLING COMPANY OF NEW ENGLAND,<br>COCA-COLA ENTERPRISES, INC.,<br>COCA-COLA ENTERPRISES LONG TERM DISABILITY PLAN<br>A/K/A CORE LTD BENEFITS,<br>AND<br>AETNA LIFE INSURANCE COMPANY,<br>          Defendants. | CIVIL ACTION NO.<br><br>05-10908 DPW |

### DEFENDANTS' STATEMENT PURSUANT TO LOCAL RULE 16.1

1. **Joint Discovery Plan and Proposed Schedule for the Filing of Motions:**

    a. It does not appear that the parties are in agreement, or can reach agreement, as to the proper course of this litigation with regard to discovery and the filing of motions. This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). With regard to the HIPAA claim, the Court currently has pending before it a motion to dismiss that claim. With regard to the ERISA claim, it appears that the parties disagree as to the standard of review that this Court should apply to this claim and the extent, if any, of discovery beyond production of the administrative record that is appropriate. This disagreement prevents the parties from agreeing on a schedule for the litigation. The defendants' proposal as to how the case should proceed is set forth below.

b.  **Defendants' Proposal:** The defendants believe that the HIPAA count should be dismissed, and the defendants propose that the Court schedule any hearing it wishes to hold on the issue as soon as practicable and proceed to rule on the motion to dismiss. Should that claim not be dismissed in its entirety, the defendants propose that the Court set forth a time schedule for discovery on that claim after ruling on the motion to dismiss. As the papers filed with the Court appear to clearly establish that this count cannot proceed, it is the defendants' position that it would be wasteful to allow discovery related to this cause of action prior to a ruling on the motion to dismiss.

With regard to the plaintiff's claim under ERISA, the defendants believe that a decision as to the appropriate standard of review and what, if any, discovery is to be allowed in light of that standard of review at the outset of the case will allow for the most cost efficient and, from the point of view of court resources, effective processing of this case. It is the defendants' position that an arbitrary and capricious standard of review will apply, that the only evidence to be submitted to the Court on that review will consist of the administrative record, and that no discovery beyond the production of the administrative record is therefore warranted. *See, e.g., Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d. 510 (1st Cir. 2005); *Ayer v. Liberty Life Assurance Co.*, -- F.Supp.2d --, 2005 WL 1804428 (D.Me. 2005).

Accordingly, the defendants propose that the Court schedule briefing and a hearing on the question of the standard of review applicable to the benefit determination, the scope of any appropriate discovery, and the scope of evidence to be presented to the

Court on determination of the benefit claim as the first step in the action. The defendants propose that partial summary judgment briefs addressing these issues be served and filed on or before October 30, 2005 (essentially sixty days after the scheduling conference), with oppositions to be filed on or before November 21, 2005. The defendants propose that the Court schedule a hearing on those issues for a date thereafter that is convenient to the Court and that any reply briefs must be filed at least one week before the hearing.

The defendants propose that after the Court's ruling on those issues, the parties meet and confer concerning the production of the administrative record, its contents, and any further discovery consistent with the Court's ruling, and that the Court thereafter hold a further scheduling conference to determine the remaining schedule for the litigation. The defendants believe that the exact ruling by the Court on the issues addressed in the initial briefing will determine what remaining briefing or discovery needs to be conducted, and the time necessary to do so.

2. **Certifications concerning Budget and ADR:**

    a. Defendants' counsel and defendants' representatives have discussed these issues, and certifications will be filed shortly, after further consultations concerning these issues.

Respectfully submitted,
The Defendants, by their attorneys,

**Date:** August __, 2005

Stephen D. Rosenberg    [BBO # 558415]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA   02110
Ph:   617•951•2929
Fax:  617•951•2672

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Statement Pursuant to Local Rule 16.1* has been served upon all counsel of record by facsimile and by depositing a copy hereof in the U.S. Mail, postage prepaid, addressed to:

>Bernard Kansky, Esq. *[Attorney for Plaintiff]*
**Kansky & Associates**
468 Commercial Street - #100
Boston, MA    02109-1020
***Fax No.: 617/227-5717***

DATED this ____ day of August, 2005.

_____
Stephen D. Rosenberg    [BBO# 558415]
**McCormack & Epstein**
One International Place - 7th Floor
Boston, MA    02110
Ph:      617•951•2929
Fax:    617•951•2672